Citation Nr: 1452660 
Decision Date: 11/28/14 Archive Date: 12/02/14

DOCKET NO. 08-19 959 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Milwaukee, Wisconsin


THE ISSUE

Entitlement to service connection for a bilateral foot disability.


REPRESENTATION

Veteran represented by: The American Legion


ATTORNEY FOR THE BOARD

R. R. Watkins, Associate Counsel







INTRODUCTION

The Veteran served on active duty from March 1968 to March 1970. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an August 2007 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO). 

In March 2010, the Veteran withdrew his request for a Board hearing.

In May 2012 and April 2014, the Board remanded this appeal to the Agency of Original Jurisdiction (AOJ).

This appeal was processed using the Veterans Benefits Management System (VBMS) paperless claims processing system. There is also a paperless, electronic record in the Virtual VA system. 


FINDING OF FACT

A bilateral foot disability did not manifest during service and is not attributable to service.


CONCLUSION OF LAW

The Veteran's bilateral foot disability is not due to a disease or injury that was incurred in or aggravated by active service. 38 U.S.C.A. §§ 1110, 5103, 5103A, 5107 (West 2002); 38 C.F.R. §§ 3.102, 3.159, 3.303 (2014). 





REASONS AND BASES FOR FINDING AND CONCLUSION

Duties to Notify and Assist 

The VCAA, codified in part at 38 U.S.C.A. §§ 5103, 5103A, and implemented in part at 38 C.F.R. § 3.159, amended VA's duties to notify and to assist a claimant in developing information and evidence necessary to substantiate the claim. 

Under 38 U.S.C.A. § 5103(a) and 38 C.F.R. § 3.159(b), when VA receives a complete or substantially complete application for benefits, it will notify the claimant of (1) any information and medical or lay evidence that is necessary to substantiate the claim, (2) what portion of the information and evidence VA will obtain, and (3) what portion of the information and evidence the claimant is to provide. 

The VCAA notice requirements apply to all five elements of a service connection claim. The five elements are: (1) veteran status; (2) existence of a disability; (3) a connection between the veteran's service and the disability; (4) degree of disability; and (5) effective date of the disability. Dingess v. Nicholson, 19 Vet. App. 473 (2006).

The VCAA notice must be provided to a claimant before the initial unfavorable adjudication by the RO. Pelegrini v. Principi, 18 Vet. App. 112 (2004). 

The RO provided a pre-adjudication VCAA notice by letter dated in May 2007. The Veteran was notified of the evidence needed to substantiate the claim for service connection, as well as what information and evidence must be submitted by the Veteran, what information and evidence would be obtained by VA, and the provisions for a disability rating and for the effective date of the claim. 

The VCAA also requires VA to make reasonable efforts to help a claimant obtain evidence necessary to substantiate his claim. 38 U.S.C.A. § 5103A; 38 C.F.R. 
§ 3.159(c), (d). This "duty to assist" contemplates that VA will help a claimant obtain records relevant to his claim, whether or not the records are in Federal custody, and that VA will provide a medical examination or obtain an opinion when necessary to make a decision on the claim. 38 C.F.R. § 3.159(c)(4).

In this case, VA obtained the Veteran's service treatment records and post-service treatment records. In addition, the Veteran was provided with VA examinations in November 2009 and September 2012. The Board also has received May 2014 and August 2014 addendum opinions that included reviews of the pertinent medical history, clinical findings, and diagnoses, and were supported by medical rationale. Thus, the Board finds that the evidence is adequate to make a determination on the claim. See Barr v. Nicholson, 21 Vet. App. 303 (2007).

In May 2012 and April 2014, the Board remanded the Veteran's claim to provide the Veteran with a VA examination and an addendum opinion regarding the etiology of his bilateral foot disability. As the requested development has been completed, no further action to ensure compliance with the remand directive is required. Stegall v. West, 11 Vet. App. 268 (1998).

As the Veteran has not identified any additional evidence pertinent to the claim and as there are no additional records to obtain, the Board concludes that no further assistance to the Veteran in developing the facts pertinent to the claim is required to comply with the duty to assist.

For the reasons set forth above, the Board finds that VA has complied with the VCAA's notification and assistance requirements. The claim for service connection is thus ready to be considered on the merits.

Principles and Theories of Service Connection

Veterans are entitled to compensation from the Department of Veterans Affairs if they develop a disability "resulting from personal injury suffered or disease contracted in line of duty, or for aggravation of a preexisting injury suffered or disease contracted in line of duty." 38 U.S.C. § 1110. To establish a right to compensation for a present disability, a veteran must show: "(1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service "the so-called "nexus" requirement. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004). 

In certain cases, competent lay evidence may demonstrate the presence of any of these elements. Davidson v. Shinseki, 581 F.3d 1313, 1316 (Fed. Cir. 2009). 

Service connection may also be granted for a disability shown after service, when all of the evidence, including that pertinent to service, shows that it was incurred in service. 38 C.F.R. § 3.303(d). 

In determining whether service connection is warranted for a disability, VA is responsible for determining whether the evidence supports the claim or is in relative equipoise, with the veteran prevailing in either event, or whether a preponderance of the evidence is against the claim, in which case the claim is denied. See 38 U.S.C.A. § 5107(b); 38 C.F.R. § 3.102.

The analysis below focuses on the most salient and relevant evidence and on what this evidence shows, or fails to show. The Veteran should not assume that the Board has overlooked pieces of evidence that are not specifically discussed herein. See Timberlake v. Gober, 14 Vet. App. 122 (2000). The law requires only that the Board provide reasons for rejecting evidence favorable to the Veteran. 

Analysis

The Veteran seeks service connection for a bilateral foot disability. Having carefully considered the claim in light of the record and applicable law, the Board concludes that the preponderance of the evidence is against the claim and the appeal will be denied. 

Upon entry into active service in January 1968, the Veteran's feet were evaluated as normal on the Report of Medical Examination and there was no history of feet abnormalities on the Report of Medical History. The Veteran's March 1970 separation examination shows a normal evaluation for his feet. However, on his March 1970 Report of Medical History, the Veteran reports a history of feet problems.

After service, in a May 1986 VA Medical Certificate, the Veteran reported limping in the morning and after periods of rest with stiffness on the plantar surface of both feet. The Veteran was diagnosed with bilateral plantar fasciitis, pronation syndrome, and slay foot. He denied any recent traumatic event. The Veteran also sought treatment from Dr. S. In a October 1986 letter, Dr. S. reported that the Veteran had experienced bilateral heel and arch pain for at least 12 months, but denied any traumatic event. The Veteran's VA and private treatment records since 1986 indicate that the Veteran has experienced recurrent bilateral foot pain. As shown in the May 2014 VA examination report, the Veteran has a current diagnosis of chronic plantar fasciitis. 

In November 2009, the Veteran underwent his first VA examination to determine the etiology of his bilateral foot disability. The VA examiner reported that the Veteran had been a construction worker for more than 30 years. During the examination, the Veteran exhibited mild flat arches of the feet; no localized tenderness on palpation; normal strength; no evidence of loss of sensation during neurological evaluation; and, no fatigability or incoordination. The VA examiner opined that the Veteran's bilateral foot disability was less likely as not caused by the "service-connected conditions."

Subsequently, in September 2012 the Veteran was afforded another VA examination to determine the etiology of his bilateral foot disability. At the examination, the Veteran indicated that he had severe bilateral foot pain that limited his ability to walk and stand to only a few minutes at a time. Although the Veteran reported working in construction for 40 years, he stated that he believed the cause of his bilateral foot disability was his two years of active service. The VA examiner diagnosed the Veteran with bilateral chronic plantar fasciitis. He concluded that the Veteran's bilateral foot disability was less likely as not related to his service. He opined that the Veteran's bilateral foot disability manifested after years of working construction and his discharge from active service and that the Veteran's work in construction was the most likely cause for his bilateral foot disability.
In May 2014, the Veteran was provided with an addendum VA medical opinion to consider the March 1970 Report of Medical History that showed a history of feet problems. After reviewing the Veteran's claims file and available medical records, the VA examiner, who conducted the September 2012 VA examination, opined that it was less likely as not that any event during service, including the Veteran's reported foot pain in 1970, had caused or aggravated his current chronic plantar fasciitis. The VA examiner reiterated that the Veteran's current bilateral foot disability was more likely than not the result of working in construction for years.

Lastly in August 2014, the Veteran was provided with another addendum VA medical opinion to consider the private treatment records that were submitted from 1986. Again, the VA examiner opined that the Veteran had developed plantar fasciitis many years after discharge from service as a result of his work in construction and that his job in construction caused his plantar fasciitis to flare-up.

The Board finds the VA examinations and addendum opinions to be highly probative as they were based on medical principles and applied to the facts of the case. Nieves-Rodriguez, 22 Vet. App. at 295. They are uncontroverted by the other competent evidence of record.

The Board notes at the outset that lay assertions may serve to support a claim of service connection by verifying the occurrence of lay-observable events or the presence of disability or symptoms of disability subject to lay observation. See Layno v. Brown, 6 Vet. App 469 (1994). 

When considering evidence supporting a service connection claim, the Board must consider, on a case-by-case basis, the competence and sufficiency of lay evidence offered to support a finding of service connection. See Davidson, 581 F.3d at 1316. The Court has held that "[l]ay evidence can be competent and sufficient to establish a diagnosis of a condition when (1) a layperson is competent to identify the medical condition, (2) the layperson is reporting a contemporaneous medical diagnosis, or (3) lay testimony describing symptoms at the time supports a later diagnosis by a medical professional." See Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007). 
The aforementioned are three Jandreau exceptions where a layperson is deemed competent to establish a diagnosis/etiology, and none of those apply in this case.

The Board, in considering the lay and medical evidence of record, finds that the evidence does not present a nexus linking the Veteran's current bilateral foot disability to any event or incident of his service. 

To the extent that the Veteran is asserting a connection between his bilateral foot disability and manifestations in service, his opinion is not competent because the onset of the disability, many years after separation from active service, is a complex medical question that is not the type of question that can be addressed by lay observation. 

This involves the medical etiology of the claimed bilateral foot disability as it relates to an in-service event and is the type of medical question which the Court has held lay statements are not competent to address. See Jandreau, 492 F.3d at 1377. 

As the Veteran is not competent to opine on the etiology of his bilateral foot disability, the determination of whether his statements are credible is not reached.
While the Board has carefully reviewed the record in depth, it has been unable to identify a basis upon which service connection may be granted. Given the evidence of record, service connection for a bilateral foot disability must be denied. 

In reaching this conclusion, the Board has considered the applicability of the benefit-of-the-doubt doctrine. However, as the preponderance of the evidence is against the claim, that doctrine is not applicable. See 38 U.S.C.A. § 5107(b) (West 2002); 38 C.F.R. § 3.102 (2013); Gilbert v. Derwinski, 1 Vet. App. at 53-56.


 (CONTINUED ON NEXT PAGE)



ORDER

Service connection for a bilateral foot disability is denied.




____________________________________________
CHERYL L. MASON
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs